OPINION
Plaintiffs-appellants Goodyear Tire Rubber Co., et al. appeal the decision of the Mahoning County Common Pleas Court which granted summary judgment to defendants-appellees Robert J. Brocker, Jr., M.D., et al. on the grounds that appellants filed the contribution action outside the applicable statute of limitations. For the following reasons, summary judgment is reversed and this cause is remanded.
 STATEMENT OF THE CASE
Appellants were among the defendants in the case of Sullinger v. Moyer
(Aug. 6, 1997), Mahoning App. No. 96 CA 152, unreported. In that case, we upheld the verdict for the plaintiff who was injured in an automobile accident. We also upheld the trial court's denial of appellants' motion for leave to file a third party complaint alleging that appellees committed medical malpractice against the plaintiff. After our decision, appellants filed timely notice of appeal to the Ohio Supreme Court. On December 11, 1997, the Supreme Court declined to hear the appeal.
On December 10, 1998, within one year from the Supreme Court's denial of jurisdiction, appellants filed an action against appellees seeking contribution for the judgment rendered against it in Sullinger.[1]
Appellees requested summary judgment on the grounds that the contribution action was not filed within the one year statute of limitations for contribution actions. The trial court agreed that the action was not timely filed and granted summary judgment for appellees on February 15, 2000. The appeal in case number 00 CA 45 followed.[2] On appeal, appellants urge this court to hold that the contribution action was filed within the one year statute of limitations.
 LAW
The relevant statute of limitations provides as follows:
 "If there is a judgment for the injury or loss to person or property or the wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution shall be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review." (Emphasis added). R.C. 2307.32(B).
 This statute is derived from the Uniform Contribution Among Tortfeasors Act, 12 U.L.A. 87 (1955).
 ARGUMENTS
Appellants argue that the one year statute of limitations did not commence to run until December 11, 1997, which is when the Supreme Court denied discretionary review in the underlying Sullinger action. Thus, appellants argue that the contribution action was timely filed on December 10, 1998.
On the contrary, appellees contend that by refusing to hear the appeal in Sullinger, the Supreme Court never engaged in appellate review. As such, appellees conclude that appellate review ended and the one year statute of limitations began to run on August 6, 1997 which is when we released our decision in Sullinger.
 ANALYSIS
The dispositive issue addressed by the parties is whether the phrase "appellate review" includes the period during which the Supreme Court of Ohio is deciding whether to exercise jurisdiction. We previously advised that the statute of limitations for appellants' contribution action did not begin to run until the Supreme Court denied discretionary review in the underlying Sullinger action. See Goodyear, Mahoning App. No. 97 CA 184 and Journal Entry filed on January 21, 2000 by this court in response to appellees' motion for clarification. There is no other Ohio case law directly addressing this issue. Although some states have also adopted the uniform statute of limitations for contribution actions, our research has not disclosed any out of state or federal case law which directly addresses the issue at hand.
If we accept appellees' arguments, then parties would not know if the statute of limitations had already begun until the Supreme Court releases its decision on the jurisdictional memoranda. For instance, appellees concede that if the Supreme Court accepts jurisdiction to hear the appeal of the underlying tort action, then the statute of limitations for the contribution action does not begin to run until the Supreme Court releases its decision on the merits. Yet, if the Court denies jurisdiction, then under appellees' analysis the statute of limitations will have already begun to run. Note that in the case at bar, the Supreme Court's decision declining jurisdiction came four months after our appellate decision.
It is important to acknowledge that the memorandum in support of jurisdiction which must be filed contains a table of contents, a thorough explanation of why the case is of public or great general interest, a statement of the case and the facts, the propositions of law that will be argued if appeal is granted and arguments supporting each proposition. S.Ct.Prac.R. III(1)(A) and (B)(1-4). The memorandum can be up to fifteen pages in length. S.Ct.Prac.R. III(1)(C). The appellate court judgment entry and opinion and any other relevant judgment entries are attached to the memorandum. S.Ct.Prac.R. III(1)(D). The appellee may file a memorandum in response that contains appellee's position on whether there is an issue of public or great general interest and argument rebutting each proposition of law contained in appellant's memorandum. S.Ct.Prac.R. III(2)(A) and (B)(1-2). Thereafter, the Supreme Court "willreview the jurisdictional memorandum filed and determine whether to allow the appeal and decide the case on the merits." (Emphasis added). S.Ct.Prac.R. III(6)(A).
It is only logical to view the phrase "appellate review" in the statute of limitations for contribution actions to include the time period during which a jurisdictional memorandum is pending in the Supreme Court. Although the Court does not conduct a full merit review during this time period, it is still a period of review that exists in the Supreme Court's discretionary appellate process.
 CONCLUSION
Accordingly, the statute of limitations contained in R.C. 2307.32(B) did not begin to run from the date of our appellate decision in the underlying action. Rather, since a timely appeal was filed in the Supreme Court, the statute of limitations on the contribution action began to run on the date that the Supreme Court released its decision declining jurisdiction. Therefore, the trial court's judgment is reversed, and this cause is remanded for further proceedings in the contribution action.
 CONSOLIDATED APPEAL
As aforementioned, Case No. 00 CA 45 was consolidated with Case No. 00 CA 157. In Case No. 00 CA 157, appellants argue that the trial court improperly corrected a mistaken citation in its summary judgment order five months after the release of the order. Due to our resolution of the summary judgment issue in appellants' favor, this argument is moot.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
 _________________ VUKOVICH, P.J.
Donofrio, J., concurs.
Waite, J., concurs.
[1] Appellants originally filed the contribution action on January 23, 1997. In that suit, appellees sought dismissal on the grounds that the medical malpractice statute of limitations applied rather than the contribution statute of limitations. In the alternative, they argued that appellants' suit was not ripe. After the trial court granted summary judgment on the grounds of ripeness, both parties appealed to this court. We affirmed the trial court's judgment by ruling that the contribution statute of limitations applied rather than the medical malpractice statute of limitations and that the contribution action was not yet ripe. Goodyear Tire Rubber Co. v. Robert J. Brocker, Jr., M.D. (June 30, 1999), Mahoning App. No. 97CA184, unreported, jurisdiction declined, (Oct. 27, 1999), Supreme Court Case No. 99-1451.
[2] On July 17, 2000, the trial court filed a judgment entry which purported to correct a case cite in its February 15, 2000 judgment entry. The appeal from this correction resulted in case number 00 CA 157 which was consolidated with 00 CA 45.